# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

JAMELIA FAREAUX

Case No. 6:24-cr-2-GAP-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the Government's motion to recall the arrest warrant for Jamelia Fareaux and issue a summons (Dkt. 1), filed February 7, 2024.

On January 3, 2024, Defendant was indicted by a grand jury on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, one count of bank fraud in violation of 18 U.S.C. §§ 1342, 1344, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Dkt. 2. A warrant issued for Defendant's arrest.

In the motion, the Government informs the Court that agents from the United States Secret Service executed the arrest warrant on February 7, 2024. Dkt. 1 at 1. Then, while in custody, Defendant was hospitalized. Because of this and citing only Federal Rule of Criminal Procedure 4 as authority, the Government moves for an order recalling the arrest warrant and issuing a summons to Defendant for an initial appearance. *Id.* at 2.

Case 6:24-cr-00002-GAP-RMN   Document 14   Filed 02/07/24   Page 2 of 5 PageID 50

Rule 4 provides the procedure for execution, service, and return of arrest warrants. *See* Fed. R. Crim. P. 4. Subpart (a) of the rule prescribes two mechanisms to bring a defendant to court: (1) an arrest warrant; or (2) a summons. *See id.* 4(a). Both mechanisms direct the defendant to appear in court on the charges described in the charging document. *See id.* 4(b).

A warrant is executed by arresting the defendant. Fed. R. Crim. P. 4(c)(3)(A). After executing a warrant, the arresting officer must return it to the judge before whom the defendant is brought in accordance with Federal Rule of Criminal Procedure 5. Fed. R. Crim. P. 4(c)(4)(A). Rule 4 also provides the Government with the authority to request that "an unexecuted warrant" be brought back to and cancelled by a magistrate judge or other judicial officer. *Id.* The rule is silent on whether an executed warrant may be recalled and cancelled. *See id.*

When a car dealership advertises a low financing rate to "purchasers with good credit," most people would understand the rate is unavailable to purchasers with bad credit. If a veterinary clinic advertises services for "dogs, cats, and other companion animals," most people would understand its services would be unavailable for exotic or engendered animals. These are examples of the common communicative device known as negative implication.[1]

---

[1] These examples are slightly modified from A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 107–11 (2012).

Courts apply a similar device when construing statutes and rules. One general rule of construction, for instance, states that "the mention of one thing implies the exclusion of another." *United States v. Castro*, 837 F.2d 441, 442 (11th Cir.1988) (citation omitted). This is known as the *expressio unius est exclusio alterius* canon. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1193 (11th Cir. 2011) (quoting *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008)). The canon stands for the principle that when a legislature mentions one thing in a statute, it intended to exclude similar things not specifically included in the statute. *Id.*

But the *expressio unius est exclusio alterius* canon goes only so far. It can be "overcome by a strong indication of contrary legislative intent or policy" *Castro*, 837 F.2d at 443 n.2 (quoting R. Dickerson, *The Interpretation & Application of Statutes* 234–35 (1975), which in turn cites 2A *Sutherland Statutory Construction* § 47.23, p. 194 (Sands 4th ed. 1984 rev.)). The Supreme Court has also cautioned that the canon does not apply unless it is "fair to suppose" the legislature "considered the unnamed possibility and meant to say no to it." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (citing *United Dominion Indus., Inc. v. United States*, 532 U.S. 822, 836 (2001)). Though typically used to interpret statutes, the canon is a broadly applicable interpretive tool. 2A N. Singer & S. Singer, *Sutherland Statutes & Statutory Constr.* §27:24, pp. 429–35, 433 ("Application of *expression unius* in all

substantive realms illustrates that the maxim's force is strengthened by contrast where a thing is provided in one part of a statute and omitted in another . . . .").

The Court knows of no reason why the *expressio unius est exclusio alterius* canon should not be applied to Rule 4(c)(4)(A). The drafters of the rule contemplated—and included in the rule—different paths for the return of executed and unexecuted warrants. *See* Fed. R. Crim. P. 4(c)(4)(A). On one path, the rule directs the Government to return executed warrants with defendants in accordance with the rules applicable to first appearances. *Id*. On the other path, the rule authorizes the Government to request an order recalling and cancelling unexecuted warrants. *Id*. If one applies the *expressio unius est exclusio alterius* canon, the absence of a refence to executed warrants from the provision authorizing the return and cancellation of warrants suggests that the exclusion was intentional. For this reason, and also based on a plain interpretation of the structure of Rule 4(c)(4)(A), the Court concludes Rule 4 does not authorize the Government's request. The motion is therefore due to be denied.

To facilitate the resolution of this matter, the Court has temporarily appointed counsel to represent Defendant by separate order. *See* Dkt. 13. The Government should confer with Defendant's counsel and consider if alternative arrangements can be made to facilitate Defendant's initial appearance. The

Court can conduct the appearance by videoconference, if Defendant consents and able to participate, or make other such arrangements as necessary to ensure the requirements of Federal Rule of Criminal Procedure 5 and other applicable laws are satisfied.

Accordingly, it is **ORDERED** that the Government's motion to recall the arrest warrant for Jamelia Fareaux and issue a summons (Dkt. 1) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 7, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record